IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMERY LEE, | : | |
| Plaintiff, | : | 1:20-cv-0730 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DOUGLAS K. WHITE, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **June 30, 2020**

Plaintiff Emery Lee ("Lee"), a federal inmate confined at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania, filed a *pro se* Complaint in Mandamus pursuant to 28 U.S.C. § 1361, on May 4, 2020, naming Warden Douglas K. White ("White") as the sole defendant.  (Doc. 1).  Lee seeks to proceed *in forma pauperis*.  (Docs. 2, 7).

For the reasons set forth below, the motions to proceed *in forma pauperis* will be granted and the Complaint in Mandamus will be dismissed pursuant to 28

U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief may be

granted.[1]

## I.   <u>**STANDARDS OF REVIEW**</u>

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings

states, in pertinent part, "the court shall dismiss the case at any time if the court

determines that…the action or appeal…fails to state a claim on which relief may

be granted." 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review for

is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules

of Civil Procedure, which provides for the dismissal of complaints that fail to state

a claim upon which relief can be granted.

In rendering a decision on a motion to dismiss, a court should not inquire

"whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as

---

[1]    Several district courts in this circuit have applied the PLRA to petitions filed under 28 U.S.C. § 1361. *See, e.g., Hamani v. Dir. Fed. Bureau of Prisons*, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (collecting cases) ("This action is a civil action governed by the PLRA."); *Keys v. Dep't of Justice*, No. 4:08-CV-02239, 2009 WL 648926, at *2 (M.D. Pa. Mar. 10, 2009) (holding that the PLRA applies based on the plain language of the statute); c*ompare with Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1986) (holding that the PLRA did not apply to writ of mandamus filed pursuant to 28 U.S.C. § 1651(a)).  Notably, the Third Circuit has affirmed a district court's *sua sponte* dismissal of a petition for writ of mandamus under 28 U.S.C. § 1915(e)(2). *See Franco v. Bureau of Prisons*, 207 F. App'x 145, 146 (3d Cir. 2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007) ("In the PLRA, Congress added failure to state a claim and seeking monetary relief from a defendant immune from such relief as grounds for *sua sponte* dismissal of *in forma pauperis* cases, § 1915(e)(2)(B)…").

true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*." Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when

the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.    **ALLEGATIONS OF THE COMPLAINT**

Lee seeks to compel Defendant White to accept as timely his administrative remedy form, known as a BP-9, filed on August 29, 2019, in which he was seeking to resolve a "mistake in his file."  (Doc. 1, p. 1).  He alleges that he became aware of the problem approximately a week earlier and that staff member S. Brown negligently rejected the BP-9 as untimely.  (*Id.*).

## III.    **DISCUSSION**

A district court has jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A party seeking the issuance of a writ of mandamus must "have no other adequate means to attain the

relief he desires," and must show that the "right to issuance of the writ is clear and indisputable." *Stehney v. Perry*, 101 F.3d 925, 934 n.6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal quotations and citations omitted)).

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged.' " *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000). The Supreme Court has said that "[t]he extraordinary remedy of mandamus ... will issue only to compel the performance of a 'clear nondiscretionary duty.' " *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). To obtain such relief, "[t]he Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ." *Mitchell v. United States*, 419 F.Supp.2d at 712 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995)). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309 (1989) (finding that petitioners seeking a writ of mandamus "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.' ") (citation omitted).

Lee is seeking an order compelling Defendant White to deem his request for administrative relief timely. However, because inmates do not have a constitutionally protected right to a prison grievance system, *see Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977) (Burger, C.J.,

concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")), he fails to demonstrate that he is seeking to compel the performance of a "clear, nondiscretionary duty," *Pittston Coal Group*, 488 U.S. at 121, and is unable to establish that his right to the writ is "clear and indisputable." *Mallard*, 490 U.S. at 309.  Consequently, Plaintiff fails to state a plausible claim upon which the extraordinary relief he seeks can be granted.

## IV.    LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002).  Based on the foregoing discussion, it is clear that granting Lee leave to amend would be futile.

## V.    CONCLUSION

For the reasons set forth above, the complaint (Doc. 1) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.